UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| C.L., | ) |
| | ) |
| Plaintiff, | ) |
| | ) CIVIL ACTION FILE NO.: |
| vs. | ) |
| | ) 1:26-cv-03997-AT |
| THE LODGE IN NORCROSS, LLC, | ) |
| SID PATIDAR, and JOHN DOES 1-5, | ) |
| | ) **Jury Trial Demanded** |
| Defendants. | ) |
| | ) |

**ANSWER AND DEFENSES OF DEFENDANT THE LODGE IN NORCROSS, LLC TO PLAINTIFF'S COMPLAINT**

COMES NOW THE LODGE IN NORCROSS, LLC, a named defendant in the above-styled civil action, and files and serves its Answer and Defenses to Plaintiff's Complaint, respectfully showing as follows:

**FIRST DEFENSE**

Plaintiff has failed to state a claim against this defendant upon which relief may be granted.

**SECOND DEFENSE**

As a second defense, this defendant responds to the allegations and individually numbered paragraphs of plaintiff's Complaint as follows:

## Introduction

1.

This defendant denies that it is liable to plaintiff for any alleged damages as set forth in plaintiff's Complaint and further denies any claim, implication, or allegation of liability or wrongdoing against this defendant as set forth in plaintiff's Complaint and denies that any acts or omissions by this defendant would entitle plaintiff to any damages or other relief from this defendant under the TVPRA or any other federal, state, or local law. Responding further, this defendant can neither admit nor deny the remaining allegations contained in paragraph 1 of plaintiff's Complaint for want of sufficient information to form a belief as to the truth thereof and puts plaintiff upon strict proof of same.[1]

2.

This defendant admits only that it is a Georgia limited liability company that was administratively dissolved and that its registered agent is Sid Patidar. Responding further, the rest of paragraph 2 of plaintiff's Complaint contains legal conclusions and restatements of law, to which no response is required. To the extent a response is required, this defendant states that the statutes referenced in paragraph 2 of plaintiff's Complaint speak for themselves and require no further

[1] Footnote 1 of plaintiff's Complaint contains no allegations directed at this defendant and as such, no response is required. To the extent a response is required, this defendant can neither admit nor deny the allegations contained in footnote 1 of plaintiff's Complaint for want of sufficient information to form a belief as to the truth thereof and puts plaintiff upon strict proof of same.

elaboration. To the extent that the allegations contained in paragraph 2 of plaintiff's Complaint are inconsistent, incomplete or taken out of context in relation to the statutes referenced therein, those allegations are denied. This defendant can neither admit nor deny any remaining allegations contained in paragraph 2 of plaintiff's Complaint for want of sufficient information to form a belief as to the truth thereof and puts plaintiff upon strict proof of same.

3.

This defendant states that the statute referenced in paragraph 3 of plaintiff's Complaint speaks for itself and requires no further elaboration. To the extent that the allegations contained in paragraph 3 of plaintiff's Complaint are inconsistent, incomplete, or taken out of context in relation to the statute referenced therein, those allegations are denied. This defendant can neither admit nor deny the remaining allegations contained in paragraph 3 of plaintiff's Complaint for want of sufficient information to form a belief as to the truth thereof and puts plaintiff upon strict proof of same.

4.

This defendant can neither admit nor deny the allegations contained in paragraph 4 of plaintiff's Complaint for want of sufficient information to form a belief as to the truth thereof and puts plaintiff upon strict proof of same.

5.

This defendant denies the allegations contained in paragraph 5 of plaintiff's Complaint, including each subparagraph therein.

6.

This defendant denies the allegations contained in paragraph 6 of plaintiff's Complaint.

7.

This defendant can neither admit nor deny the allegations contained in paragraph 7 of plaintiff's Complaint for want of sufficient information to form a belief as to the truth thereof and puts plaintiff upon strict proof of same.

8.

This defendant denies the allegations contained in paragraph 8 of plaintiff's Complaint, including each subparagraph therein.

9.

Paragraph 9 of plaintiff's Complaint contains general characterizations of the allegations in plaintiff's Complaint, to which no response is required. To the extent a response is required, this defendant denies any claim, implication, or allegation of liability or wrongdoing against this defendant or any of its officers, directors, agents, employees, or representatives, as set forth in plaintiff's Complaint and denies that any acts or omissions by this defendant, whether personally or through any officer, director, agent, employee, or representative, would entitle plaintiff to any damages or other relief from this defendant under the TVPRA or any other federal, state, or local law.

10.

This defendant denies any claim, implication, or allegation that this defendant knew or should have known of any alleged sex crimes and further denies any claim, implication, or allegation of liability or wrongdoing against this defendant as set forth in paragraph 10 of plaintiff's Complaint and denies that any acts or omissions by this defendant would entitle plaintiff to any damages or other relief from this defendant under the TVPRA or any other federal, state, or local law. Responding further, the rest of paragraph 10 of plaintiff's Complaint contains legal conclusions and restatements of law, to which no response is required. To the extent a response is required, this defendant states that the statutes referenced in paragraph 10 of plaintiff's Complaint speak for themselves and require no further elaboration. To the extent that the allegations contained in paragraph 10 of plaintiff's Complaint are inconsistent, incomplete or taken out of context in relation to the statutes referenced therein, those allegations are denied. This defendant can neither admit nor deny any remaining allegations contained in paragraph 10 of plaintiff's Complaint for want of sufficient information to form a belief as to the truth thereof and puts plaintiff upon strict proof of same.

11.

This defendant admits only that plaintiff purports to bring this claim to recover damages relating to alleged physical, emotional, and mental harm arising from her alleged sexual exploitation. This defendant denies the remaining allegations contained in paragraph 11 of plaintiff's Complaint.

**Parties, Jurisdiction, and Venue**

12.

This defendant can neither admit nor deny the allegations contained in paragraph 12 of plaintiff's Complaint for want of sufficient information to form a belief as to the truth thereof and puts plaintiff upon strict proof of same.

13.

This defendant can neither admit nor deny the allegations contained in paragraph 13 of plaintiff's Complaint for want of sufficient information to form a belief as to the truth thereof and puts plaintiff upon strict proof of same.

14.

This defendant admits only that Sid Patidar is its registered agent. This defendant can neither admit nor deny the remaining allegations contained in paragraph 14 of plaintiff's Complaint for want of sufficient information to form a belief as to the truth thereof and puts plaintiff upon strict proof of same.

15.

This defendant can neither admit nor deny the allegations contained in paragraph 15 of plaintiff's Complaint for want of sufficient information to form a belief as to the truth thereof and puts plaintiff upon strict proof of same.

**Plaintiff C.L.'s Sex Trafficking at the Hotel**

16.

This defendant can neither admit nor deny the allegations contained in paragraph 16 of plaintiff's Complaint for want of sufficient information to form a belief as to the truth thereof and puts plaintiff upon strict proof of same.

17.

This defendant can neither admit nor deny the allegations contained in paragraph 17 of plaintiff's Complaint for want of sufficient information to form a belief as to the truth thereof and puts plaintiff upon strict proof of same.

18.

This defendant denies the allegations contained in paragraph 18 of plaintiff's Complaint.

19.

This defendant can neither admit nor deny the allegations contained in paragraph 19 of plaintiff's Complaint for want of sufficient information to form a belief as to the truth thereof and puts plaintiff upon strict proof of same.

20.

This defendant denies the allegations contained in paragraph 20 of plaintiff's Complaint.

21.

This defendant denies the allegations contained in paragraph 21 of plaintiff's Complaint.

22.

This defendant denies the allegations contained in paragraph 22 of plaintiff's Complaint.

23.

This defendant denies the allegations contained in paragraph 23 of plaintiff's Complaint.

24.

This defendant can neither admit nor deny the allegations contained in paragraph 24 of plaintiff's Complaint for want of sufficient information to form a belief as to the truth thereof and puts plaintiff upon strict proof of same.

25.

This defendant denies the allegations contained in paragraph 25 of plaintiff's Complaint.

26.

This defendant denies the allegations contained in paragraph 26 of plaintiff's Complaint.

27.

This defendant can neither admit nor deny the allegations contained in paragraph 27 of plaintiff's Complaint for want of sufficient information to form a belief as to the truth thereof and puts plaintiff upon strict proof of same.

**Defendant's Knowledge of Prior Crime and Sex Trafficking at the Hotel**

28.

This defendant denies the allegations contained in paragraph 28 of plaintiff's Complaint.

29.

This defendant denies the allegations contained in paragraph 29 of plaintiff's Complaint.

30.

This defendant denies the allegations contained in paragraph 30 of plaintiff's Complaint.

31.

This defendant denies the allegations contained in paragraph 31 of plaintiff's Complaint.

32.

This defendant can neither admit nor deny the allegations contained in paragraph 32 of plaintiff's Complaint for want of sufficient information to form a belief as to the truth thereof and puts plaintiff upon strict proof of same.

**Witness Number 1**

33.

This defendant denies any claim, implication, or allegation that this defendant knew or should have known of or participated in any alleged sex crimes and further denies any claim, implication, or allegation of liability or wrongdoing

against this defendant as set forth in Exhibit 1 of plaintiff's Complaint and denies that any acts or omissions by this defendant would entitle plaintiff to any damages or other relief from this defendant under the TVPRA or any other federal, state, or local law. Responding further, this defendant can neither admit nor deny any remaining allegations contained in paragraph 33 and Exhibit 1 of plaintiff's Complaint for want of sufficient information to form a belief as to the truth thereof and puts plaintiff upon strict proof of same.

34.

This defendant can neither admit nor deny the allegations contained in paragraph 34 of plaintiff's Complaint for want of sufficient information to form a belief as to the truth thereof and puts plaintiff upon strict proof of same.

35.

This defendant can neither admit nor deny the allegations contained in paragraph 35 of plaintiff's Complaint for want of sufficient information to form a belief as to the truth thereof and puts plaintiff upon strict proof of same.

36.

This defendant denies any claim, implication, or allegation that this defendant knew or should have known of or participated in any alleged sex crimes and further denies any claim, implication, or allegation of liability or wrongdoing against this defendant as set forth in paragraph 36 of plaintiff's Complaint and denies that any acts or omissions by this defendant would entitle plaintiff to any damages or other relief from this defendant under the TVPRA or any other

federal, state, or local law. Responding further, this defendant can neither admit nor deny any remaining allegations contained in paragraph 36 of plaintiff's Complaint for want of sufficient information to form a belief as to the truth thereof and puts plaintiff upon strict proof of same.

37.

This defendant denies any claim, implication, or allegation that this defendant knew or should have known of or participated in any alleged sex crimes and further denies any claim, implication, or allegation of liability or wrongdoing against this defendant as set forth in paragraph 37 of plaintiff's Complaint and denies that any acts or omissions by this defendant would entitle plaintiff to any damages or other relief from this defendant under the TVPRA or any other federal, state, or local law. Responding further, this defendant can neither admit nor deny any remaining allegations contained in paragraph 37 of plaintiff's Complaint for want of sufficient information to form a belief as to the truth thereof and puts plaintiff upon strict proof of same.

38.

This defendant can neither admit nor deny the allegations contained in paragraph 38 of plaintiff's Complaint for want of sufficient information to form a belief as to the truth thereof and puts plaintiff upon strict proof of same.

39.

This defendant denies any claim, implication, or allegation that this defendant knew or should have known of or participated in any alleged sex crimes

and further denies any claim, implication, or allegation of liability or wrongdoing against this defendant as set forth in paragraph 39 of plaintiff's Complaint and denies that any acts or omissions by this defendant would entitle plaintiff to any damages or other relief from this defendant under the TVPRA or any other federal, state, or local law. Responding further, this defendant can neither admit nor deny any remaining allegations contained in paragraph 39 of plaintiff's Complaint for want of sufficient information to form a belief as to the truth thereof and puts plaintiff upon strict proof of same.

40.

This defendant denies the allegations contained in paragraph 40 of plaintiff's Complaint.

41.

This defendant denies any claim, implication, or allegation that this defendant knew or should have known of or participated in any alleged sex crimes and further denies any claim, implication, or allegation of liability or wrongdoing against this defendant as set forth in paragraph 41 of plaintiff's Complaint and denies that any acts or omissions by this defendant would entitle plaintiff to any damages or other relief from this defendant under the TVPRA or any other federal, state, or local law. Responding further, this defendant can neither admit nor deny any remaining allegations contained in paragraph 41 of plaintiff's Complaint for want of sufficient information to form a belief as to the truth thereof and puts plaintiff upon strict proof of same.

42.

This defendant can neither admit nor deny the allegations contained in paragraph 42 of plaintiff's Complaint for want of sufficient information to form a belief as to the truth thereof and puts plaintiff upon strict proof of same.

43.

This defendant can neither admit nor deny the allegations contained in paragraph 43 of plaintiff's Complaint for want of sufficient information to form a belief as to the truth thereof and puts plaintiff upon strict proof of same.

44.

This defendant denies any claim, implication, or allegation that this defendant knew or should have known of or participated in any alleged sex crimes and further denies any claim, implication, or allegation of liability or wrongdoing against this defendant as set forth in paragraph 44 of plaintiff's Complaint and denies that any acts or omissions by this defendant would entitle plaintiff to any damages or other relief from this defendant under the TVPRA or any other federal, state, or local law. Responding further, this defendant can neither admit nor deny any remaining allegations contained in paragraph 44 of plaintiff's Complaint for want of sufficient information to form a belief as to the truth thereof and puts plaintiff upon strict proof of same.

**Witness Number 2**

45.

This defendant denies any claim, implication, or allegation that this defendant knew or should have known of or participated in any alleged sex crimes and further denies any claim, implication, or allegation of liability or wrongdoing against this defendant as set forth in Exhibit 2 of plaintiff's Complaint and denies that any acts or omissions by this defendant would entitle plaintiff to any damages or other relief from this defendant under the TVPRA or any other federal, state, or local law. Responding further, this defendant can neither admit nor deny any remaining allegations contained in paragraph 45 and Exhibit 2 of plaintiff's Complaint for want of sufficient information to form a belief as to the truth thereof and puts plaintiff upon strict proof of same.

46.

This defendant can neither admit nor deny the allegations contained in paragraph 46 of plaintiff's Complaint for want of sufficient information to form a belief as to the truth thereof and puts plaintiff upon strict proof of same.

47.

This defendant can neither admit nor deny the allegations contained in paragraph 47 of plaintiff's Complaint for want of sufficient information to form a belief as to the truth thereof and puts plaintiff upon strict proof of same.

48.

This defendant denies any claim, implication, or allegation that this defendant knew or should have known of or participated in any alleged sex crimes and further denies any claim, implication, or allegation of liability or wrongdoing against this defendant as set forth in paragraph 48 of plaintiff's Complaint and denies that any acts or omissions by this defendant would entitle plaintiff to any damages or other relief from this defendant under the TVPRA or any other federal, state, or local law. Responding further, this defendant can neither admit nor deny any remaining allegations contained in paragraph 48 of plaintiff's Complaint for want of sufficient information to form a belief as to the truth thereof and puts plaintiff upon strict proof of same.

49.

This defendant denies the allegations contained in paragraph 49 of plaintiff's Complaint.

50.

This defendant can neither admit nor deny the allegations contained in paragraph 50 of plaintiff's Complaint for want of sufficient information to form a belief as to the truth thereof and puts plaintiff upon strict proof of same.

51.

This defendant can neither admit nor deny the allegations contained in paragraph 51 of plaintiff's Complaint for want of sufficient information to form a belief as to the truth thereof and puts plaintiff upon strict proof of same.

**Defendants' Negligent Failure to Act**

52.

This defendant denies the allegations contained in paragraph 52 of plaintiff's Complaint.

53.

This defendant denies the allegations contained in paragraph 53 of plaintiff's Complaint.

54.

This defendant denies the allegations contained in paragraph 54 of plaintiff's Complaint.

55.

This defendant denies the allegations contained in paragraph 55 of plaintiff's Complaint.

56.

This defendant denies the allegations contained in paragraph 56 of plaintiff's Complaint.

57.

This defendant denies the allegations contained in paragraph 57 of plaintiff's Complaint.

58.

This defendant denies the allegations contained in paragraph 58 of plaintiff's Complaint.

59.

This defendant denies the allegations contained in paragraph 59 of plaintiff's Complaint.

60.

This defendant denies the allegations contained in paragraph 60 of plaintiff's Complaint.

**Defendants' Knowledge of Sex Trafficking Generally**

61.

This defendant denies the allegations contained in paragraph 61 of plaintiff's Complaint.

62.

This defendant denies the allegations contained in paragraph 62 of plaintiff's Complaint.[2]

[2] The articles referenced in Footnote 2 of plaintiff's Complaint speak for themselves and require no further elaboration. To the extent that the allegations contained in paragraph 62 of plaintiff's Complaint are inconsistent, incomplete or taken out of context in relation to the articles referenced therein, those allegations are denied.

63.

This defendant denies the allegations contained in paragraph 63 of plaintiff's Complaint.[3] [4]

64.

This defendant denies the allegations contained in paragraph 64 of plaintiff's Complaint.

65.

The case law cited in paragraph 65 of plaintiff's Complaint speaks for itself and requires no further elaboration. To the extent that the allegations contained in paragraph 65 of plaintiff's Complaint are inconsistent, incomplete, or taken out of context in relation to the case law referenced therein, those allegations are denied. This defendant denies the remaining allegations contained in paragraph 65 of plaintiff's Complaint.

---

[3] The articles referenced in Footnote 3 of plaintiff's Complaint speak for themselves and require no further elaboration. To the extent that the allegations contained in paragraph 63 of plaintiff's Complaint are inconsistent, incomplete or taken out of context in relation to the articles referenced therein, those allegations are denied.

[4] The articles referenced in Footnote 4 of plaintiff's Complaint speak for themselves and require no further elaboration. To the extent that the allegations contained in paragraph 63 of plaintiff's Complaint are inconsistent, incomplete or taken out of context in relation to the articles referenced therein, those allegations are denied.

66.

This defendant denies the allegations contained in paragraph 66 of plaintiff's Complaint.[5]

67.

This defendant denies the allegations contained in paragraph 67 of plaintiff's Complaint.[6]

68.

This defendant can neither admit nor deny the allegations contained in paragraph 68 of plaintiff's Complaint, including each subpart therein, for want of sufficient information to form a belief as to the truth thereof and puts plaintiff upon strict proof of same.

69.

This defendant can neither admit nor deny the allegations contained in paragraph 69 of plaintiff's Complaint for want of sufficient information to form a belief as to the truth thereof and puts plaintiff upon strict proof of same.

---

[5] The articles referenced in Footnote 5 of plaintiff's Complaint speak for themselves and require no further elaboration. To the extent that the allegations contained in paragraph 66 of plaintiff's Complaint are inconsistent, incomplete or taken out of context in relation to the articles referenced therein, those allegations are denied.

[6] The articles referenced in Footnote 6 of plaintiff's Complaint speak for themselves and require no further elaboration. To the extent that the allegations contained in paragraph 67 of plaintiff's Complaint are inconsistent, incomplete or taken out of context in relation to the articles referenced therein, those allegations are denied.

70.

This defendant can neither admit nor deny the allegations contained in paragraph 70 of plaintiff's Complaint, including each subpart therein, for want of sufficient information to form a belief as to the truth thereof and puts plaintiff upon strict proof of same.

71.

This defendant denies the allegations contained in paragraph 71 of plaintiff's Complaint.

**COUNT I:**

**STATUTORY LIABILITY: SEX TRAFFICKING 18 U.S.C. §§ 1591, 1595 and MASHA'S LAW. 18 U.S.C. § 2255**

72.

This defendant incorporates as if fully set forth herein its responses to paragraphs 1 through 71 of plaintiff's Complaint.

73.

This defendant denies the allegations contained in paragraph 73 of plaintiff's Complaint.

74.

This defendant denies the allegations contained in paragraph 74 of plaintiff's Complaint.

75.

This defendant denies the allegations contained in paragraph 75 of plaintiff's Complaint.

76.

This defendant denies the allegations contained in paragraph 76 of plaintiff's Complaint.

77.

This defendant can neither admit nor deny the allegations contained in paragraph 77 of plaintiff's Complaint, including each subpart therein, for want of sufficient information to form a belief as to the truth thereof and puts plaintiff upon strict proof of same.

78.

This defendant denies the allegations contained in paragraph 78 of plaintiff's Complaint.

79.

This defendant denies the allegations contained in paragraph 79 of plaintiff's Complaint.

80.

Paragraph 80 of plaintiff's Complaint states a legal conclusion to which no response is required. To the extent a response is required, this defendant denies any claim, implication, or allegation that this defendant knew or should have known of any alleged sex crimes and further denies any claim, implication, or

allegation of liability or wrongdoing against this defendant as set forth in paragraph 80 of plaintiff's Complaint and denies that any acts or omissions by this defendant would entitle plaintiff to any damages or other relief from this defendant under the TVPRA or any other federal, state, or local law.

81.

This defendant denies the allegations contained in paragraph 81 of plaintiff's Complaint.

82.

This defendant denies the allegations contained in paragraph 82 of plaintiff's Complaint.

83.

This defendant denies the allegations contained in paragraph 83 of plaintiff's Complaint.

84.

This defendant can neither admit nor deny the allegations contained in paragraph 84 of plaintiff's Complaint, including each subpart therein, for want of sufficient information to form a belief as to the truth thereof and puts plaintiff upon strict proof of same.

85.

This defendant can neither admit nor deny the allegations contained in paragraph 85 of plaintiff's Complaint, including each subpart therein, for want of

sufficient information to form a belief as to the truth thereof and puts plaintiff upon strict proof of same.

86.

This defendant denies the allegations contained in paragraph 86 of plaintiff's Complaint.

87.

This defendant denies the allegations contained in paragraph 87 of plaintiff's Complaint.

88.

This defendant denies the allegations contained in paragraph 88 of plaintiff's Complaint.

**COUNT II**
**NUISANCE**

89.

This defendant incorporates as if fully set forth herein its responses to paragraphs 1 through 88 of plaintiff's Complaint.

90.

Paragraph 90 of plaintiff's Complaint contains a restatement of law, to which no response is required. To the extent a response is required, this defendant states that the statute referenced in paragraph 90 of plaintiff's Complaint speaks for itself and requires no further elaboration. To the extent that the allegations contained in paragraph 90 of plaintiff's Complaint are inconsistent, incomplete,

or taken out of context in relation to the statute referenced therein, those allegations are denied.

91.

Paragraph 91 of plaintiff's Complaint contains a restatement of law, to which no response is required. To the extent a response is required, this defendant states that the statute referenced in paragraph 91 of plaintiff's Complaint speaks for itself and requires no further elaboration. To the extent that the allegations contained in paragraph 91 of plaintiff's Complaint are inconsistent, incomplete, or taken out of context in relation to the statute referenced therein, those allegations are denied.

92.

Paragraph 92 of plaintiff's Complaint contains a restatement of law, to which no response is required. To the extent a response is required, this defendant states that the statute referenced in paragraph 92 of plaintiff's Complaint speaks for itself and requires no further elaboration. To the extent that the allegations contained in paragraph 92 of plaintiff's Complaint are inconsistent, incomplete, or taken out of context in relation to the statute referenced therein, those allegations are denied.

93.

Paragraph 93 of plaintiff's Complaint contains a restatement of law, to which no response is required. To the extent a response is required, this defendant states that the statute referenced in paragraph 93 of plaintiff's Complaint speaks

for itself and requires no further elaboration. To the extent that the allegations contained in paragraph 93 of plaintiff's Complaint are inconsistent, incomplete, or taken out of context in relation to the statute referenced therein, those allegations are denied.

**Public Nuisance**

94.

This defendant denies the allegations contained in paragraph 94 of plaintiff's Complaint.

95.

This defendant denies the allegations contained in paragraph 95 of plaintiff's Complaint.

96.

This defendant denies the allegations contained in paragraph 96 of plaintiff's Complaint.

97.

This defendant denies the allegations contained in paragraph 97 of plaintiff's Complaint.

**Public Nuisance Per Se**

98.

This defendant denies the allegations contained in paragraph 98 of plaintiff's Complaint.

99.

This defendant can neither admit nor deny the allegations contained in paragraph 99 of plaintiff's Complaint, including each subpart therein, for want of sufficient information to form a belief as to the truth thereof and puts plaintiff upon strict proof of same.

100.

Paragraph 100 of plaintiff's Complaint contains a restatement of case law, to which no response is required. To the extent a response is required, this defendant states that the case law referenced in paragraph 100 of plaintiff's Complaint speaks for itself and requires no further elaboration. To the extent that the allegations contained in paragraph 100 of plaintiff's Complaint are inconsistent, incomplete, or taken out of context in relation to the case law referenced therein, those allegations are denied. This defendant denies any remaining allegations contained in paragraph 100 of plaintiff's Complaint.

101.

This defendant denies the allegations contained in paragraph 101 of plaintiff's Complaint.

102.

This defendant denies the allegations contained in paragraph 102 of plaintiff's Complaint.

**DAMAGES**

103.

This defendant incorporates as if fully set forth herein its responses to paragraphs 1 through 102 of plaintiff's Complaint.

104.

This defendant denies the allegations contained in paragraph 104 of plaintiff's Complaint.

105.

This defendant denies the allegations contained in paragraph 105 of plaintiff's Complaint.

106.

This defendant denies the allegations contained in paragraph 106 of plaintiff's Complaint.

This defendant denies all allegations, to the extent that they exist, in the "WHEREFORE" sections, including all subparts, of plaintiff's Complaint. Further, this defendant denies that plaintiff is entitled to any of the relief requested in the "WHEREFORE" sections, including all subparts, of plaintiff's Complaint.

All other allegations contained in plaintiff's Complaint not hereinbefore specifically responded to are hereby denied.

**THIRD DEFENSE**

This defendant has not deprived plaintiff of any rights, privileges or immunities secured under the United States Constitution or the laws of the United States or the State of Georgia.

**FOURTH DEFENSE**

This defendant has, at all times, acted upon the existence of reasonable grounds of belief formed at the time and in light of the circumstances known to it. Further, this defendant has at all times acted in good faith and in a reasonable and prudent manner, exercising the degree of due care required in carrying out any duties allegedly owed to plaintiff, and has at all times acted consistently with all applicable laws, guidelines, rules and standards.

**FIFTH DEFENSE**

This defendant has taken no action against plaintiff in a willful, malicious, reckless, egregious or wanton manner, nor has this defendant acted in bad faith or with conscious or deliberate indifference to or disregard for plaintiff's legal rights. Plaintiff's culpable conduct or contributory negligence was the cause of any alleged injuries or damages, if any, and no act or omission by this defendant either proximately caused or contributed to whatever injury or damage plaintiff claims to have sustained.

**SIXTH DEFENSE**

Plaintiff's claims may be barred, in whole or in part, by plaintiff's failure to mitigate damages, if any, as required by law.

**SEVENTH DEFENSE**

This defendant asserts as if fully set forth herein each affirmative defense enumerated in Rule 8 of the Federal Rules of Civil Procedure to the extent applicable and developed by the evidence in discovery.

**EIGHTH DEFENSE**

Plaintiff may be barred or estopped by her own conduct from any recovery or relief in this action. Further, some or all of plaintiff's claims may be barred by the doctrines of estoppel, acquiescence, ratification, consent, laches, waiver, or unclean hands.

**NINTH DEFENSE**

Even if plaintiff could state a claim for relief in this action, which this defendant denies, plaintiff can recover no more than nominal damages.

**TENTH DEFENSE**

To the extent that plaintiff seeks damages that are limited and capped by statute, plaintiff is prohibited from claiming or collecting any damages which exceed any statutory cap.

**ELEVENTH DEFENSE**

Plaintiff's claims are barred to the extent that they have failed to include all necessary, indispensable and proper parties to this civil action.

**TWELFTH DEFENSE**

Plaintiff's claims are barred to the extent that there was no causal connection between the events alleged in plaintiff's Complaint and any adverse actions or damages she allegedly suffered.

**THIRTEENTH DEFENSE**

To the extent shown by the evidence through discovery, this defendant asserts that the matters in question and plaintiff's damages, if any, were caused by acts or failures to act of persons other than this defendant and over whom this defendant had no control.

**FOURTEENTH DEFENSE**

No act or omission by this defendant either proximately caused or contributed to whatever injury or damage plaintiff claims to have sustained.

**FIFTEENTH DEFENSE**

Plaintiff's damages, if any, were not foreseeable to this defendant. Further, any damages should be apportioned between any culpable parties, including plaintiff.

**SIXTEENTH DEFENSE**

Some or all of plaintiff's claims are barred by the applicable statute of limitations.

**SEVENTEENTH DEFENSE**

Plaintiff's alleged injuries and damages, if any, were proximately caused by the independent, intervening, and superseding criminal acts of third parties,

including plaintiff's trafficker(s), over whom this defendant had no control and whose conduct was not reasonably foreseeable to this defendant, thereby barring or reducing plaintiff's recovery against this defendant.

**EIGHTEENTH DEFENSE**

To the extent plaintiff sustained any injuries or damages, which this defendant denies, such damages must be apportioned among all persons and entities who contributed to the alleged injuries or damages, whether or not named as parties to this action, including plaintiff's trafficker(s) and any co-defendants, pursuant to O.C.G.A. § 51-12-33. This defendant reserves the right to identify and give notice of nonparties at fault. Plaintiff is barred from any recovery to the extent she is fifty percent or more responsible for the injuries or damages claimed.

**NINETEENTH DEFENSE**

Plaintiff's claims are barred, in whole or in part, because The Lodge in Norcross, LLC was dissolved in 2016 and thereafter has continued in existence only for the limited purpose of winding up and liquidating its business and affairs. Plaintiff's claims are further barred to the extent they are asserted against a dissolved limited liability company that lacks the capacity to be sued and to the extent plaintiff failed to pursue any claim within the time and in the manner required following dissolution.

**TWENTIETH DEFENSE**

Plaintiff's claim under 18 U.S.C. § 1595 fails because this defendant did not knowingly benefit from participation in any venture that it knew or should

have known had engaged in an act in violation of the TVPRA, did not take part in any common undertaking or enterprise involving plaintiff's trafficker(s), and had neither actual nor constructive knowledge that any such venture violated the TVPRA as to plaintiff.

**TWENTY-FIRST DEFENSE**

In the event this defendant is found liable to plaintiff, which liability is expressly denied, this defendant is entitled to a setoff or credit for any sums plaintiff has received or may receive from any other person or entity, including any co-defendant, by way of settlement or otherwise, on account of the injuries or damages alleged in plaintiff's Complaint.

**TWENTY-SECOND DEFENSE**

This defendant states that it may have further and additional affirmative defenses which are not yet known to this defendant, but which may become known through future discovery. This defendant specifically reserves the right to assert each and every affirmative defense as may be ascertained through future discovery herein.

WHEREFORE, having answered fully, defendant THE LODGE IN NORCROSS, LLC respectfully requests that this Court dismiss plaintiff's Complaint and cast all costs against the plaintiff.

**DEFENDANT DEMANDS A TRIAL BY JURY OF 12 JURORS.**

Respectfully submitted this 11th day of September, 2026.

**CRUSER, MITCHELL, NOVITZ, SANCHEZ, GASTON & ZIMET, LLP**

*/s/ Sean Keenan*
Sean Keenan
Georgia Bar No. 523871
Email: skeenan@cmlawfirm.com
Direct Dial: 678-684-2154

*/s/ Charles Jones*
Charles Jones
Georgia Bar No. 824019
Email: cjones@cmlawfirm.com
Direct Dial: 404-737-8442

*(Attorneys for Defendants)*

Meridian II, Suite 2000
275 Scientific Drive
Peachtree Corners, GA 30092

## CERTIFICATE OF COMPLIANCE WITH L.R. 7.1

The undersigned attests that this document was prepared in Times New Roman, 14-point font that complies with this Court's Rules.

This 11th day of September, 2026.

**Cruser, Mitchell, Novitz, Sanchez, Gaston & Zimet, LLP**

*/s/ Sean Keenan*
Sean Keenan
Georgia Bar No. 523871

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I have electronically efiled the within ***ANSWER AND DEFENSES OF DEFENDANT THE LODGE IN NORCROSS, LLC TO PLAINTIFF'S COMPLAINT*** with the Clerk of Court, via the CM/ECF file and serve system, which will automatically serve an electronic copy of same to all counsel of record, as follows:

Patrick J. McDonough
Tyler Dillard
Jonathan S. Tonge
Jennifer Webster
One Sugarloaf Centre
1960 Satellite Boulevard, Suite 4000
Duluth, Georgia 30097
pmcdonough@atclawfirm.com
tdillard@atclawfirm.com
jtonge@atclawfirm.com

(*Attorneys for Plaintiff*)

This 11th of September, 2026.

**CRUSER, MITCHELL, NOVITZ, SANCHEZ, GASTON & ZIMET, LLP**

*/s/ Sean Keenan*
Sean Keenan
Georgia Bar No. 523871