**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

C.L.,

Plaintiff,

v.

THE LODGE IN NORCROSS, LLC,
SID PATIDAR, and
JOHN DOES 1-5

Defendant.

CIVIL ACTION FILE NO.
1:26-CV-03997-AT

**JOINT PRELIMINARY REPORT AND DISCOVERY PLAN**

**1. Description of Case:**

(a) Describe briefly the nature of this action.

This case arises from allegations that Plaintiff was trafficked for sex for when she was 16 years old at the Red Roof Inn located at 5171 Brook Hollow Pkwy, Norcross, GA 30071. Plaintiff asserts statutory claims against Defendants pursuant to the Trafficking Victims Protection Reauthorization Act ("TVPRA"), 18 U.S.C. § 1591 and §1595; and Masha's Law, 18 U.S.C. § 2255. Plaintiff also asserts claims against Defendant based on the theory of nuisance. Plaintiff seeks compensatory and punitive damages. Plaintiff also seeks attorneys' fees pursuant to O.C.G.A. §§ 13-6-11 and 9-15-14, and 18 U.S.C. § 1595(a).

(b) Summarize, in the space provided below, the facts of this case. The summary should not be argumentative nor recite evidence.

**Response by Plaintiff:** As stated above, this matter arises out of allegations that Plaintiff suffered damages resulting from being trafficked for sex at Defendants' hotel. Plaintiff further alleges that (1) Defendants benefited financially from Plaintiff's sex trafficking; (2) Defendants (through their employees or agents) helped facilitate Plaintiff's sex trafficking; (3) Defendants knew or should have known that the hotel was a venue for sex trafficking and other sex crimes; and (4) that Defendants' hotel was a nuisance that caused her special damages.

**Response by Defendants:** The Lodge in Norcross, LLC ("Lodge") was the owner of the hotel located at 5171 Brook Hollow Parkway, Norcross, GA from around December 2013 through around September 2014. On or around September 8, 2014, Lodge sold RRI Norcross to Khamlai Lodging, LLC.

Defendants deny that they knew, should have known, contributed, benefited from or participated in any alleged sex trafficking at the hotel. Defendants further deny any remaining allegations of liability, wrongdoing, or that any act or omission by Lodge would entitle Plaintiff to any damages or other relief from Lodge under the TVPRA, Masha's Law, or any other federal, state, or local law.

(c) The legal issues to be tried are as follows:

**By Plaintiff:** Whether Defendants are liable to Plaintiff pursuant to the Trafficking Victims Protection Reauthorization Act ("TVPRA"), 18 U.S.C. § 1591 and §1595; and Masha's Law, 18 U.S.C. § 2255. Whether Defendants are liable to Plaintiff on the theory of nuisance. Whether Defendants are liable for compensatory and/or punitive damages, and if so, in what amount. Whether Defendants are liable to Plaintiff for attorneys' fees, and if so, in what amount.

**By Defendant:** Whether Defendants knowingly benefited from participation in a venture that they knew or should have known violated 18 U.S.C. § 1591. Whether Defendants participated in a "venture" under 18 U.S.C. § 1595. Whether Masha's Law applies to Defendants absent a predicate violation by Defendants. Whether Defendants can be held liable under the Trafficking Victims Protection Reauthorization Act ("TVPRA"), 18 U.S.C. § 1595(a). Whether Plaintiff's nuisance claim is barred or fails for lack of special damage, under the applicable statute of limitations, or under Georgia law. Whether the statute of limitations bars any or all claims. Whether Plaintiff's alleged damages were caused by Defendants and how fault should be apportioned among nonparties, including the alleged trafficker, under O.C.G.A. § 51-12-33. Whether punitive damages are recoverable and, if so, whether they are subject to a statutory cap. Whether attorneys' fees under O.C.G.A. §§ 13-6-11 and 9-15-14 are available. Whether Sid Patidar is personally liable or is a proper

party. Whether intervening criminal acts break the chain of causation. Defendants reserve the right to supplement these legal issues as discovery proceeds.

(d) The cases listed below (include both style and action number) are:

(1) Pending Related Cases: None.

(2) Previously Adjudicated Related Cases: None.

**2. This case is complex because it possesses one or more of the features listed below (please check):**

______ (1) Unusually large number of parties

______ (2) Unusually large number of claims or defenses

______(3) Factual issues are exceptionally complex

______(4) Greater than normal volume of evidence

______(5) Extended discovery period is needed

___X__(6) Problems locating or preserving evidence. **Defendants' reasoning: The alleged events occurred years ago, records may be unavailable through no fault of Defendants, and Defendants do not concede any spoliation or duty to preserve predating notice.**

______ (7) Pending parallel investigations or action by government

______(8) Multiple use of experts

______ (9) Need for discovery outside United States boundaries

______(10) Existence of highly technical issues and proof

______(11) Unusually complex discovery of electronically stored

information

**3. Counsel:**

The following individually-named attorneys are hereby designated as lead counsel for the parties:

Plaintiff:

Patrick McDonough
Tyler Dillard
Jonathan Tonge
Andersen, Tate, & Carr
1960 Satellite Boulevard, Suite 4000
Duluth, Georgia 30097
T: 770.822.0900
EM: tdillard@atclaw.com

Defendants:
Sean Keenan
Charles Jones
Cruser, Mitchell, Novitz, Sanchez, Gaston & Zimet, LLP
Meridian II, Ste. 2000
275 Scientific Drive
Peachtree Corners, GA 30092
skeenan@cmlawfirm.com
cjones@cmlawfirm.com

**4. Jurisdiction:**

Is there any question regarding this Court's jurisdiction?

(_) Yes (X) No

If "yes," please attach a statement not to exceed one (1) page, explaining the jurisdictional objection. When there are multiple claims, identify and discuss separately the claim(s) on which the objection is based. Each objection should be supported by authority.

**5. Parties to This Action:**

(a) The following persons are necessary parties who have not been joined:

**Response:**

**By Plaintiff: Any other persons or entities that owned, managed, operated, or controlled the subject hotel.**

**By Defendants:** Defendants contend that the trafficker(s) and any other persons who owned, franchised the subject hotel, including any Red Roof franchisor, managed, or operated the subject hotel during the relevant period may be necessary or responsible parties. Defendants reserve the right to file a notice of nonparty fault under O.C.G.A. § 51-12-33.

(b) The following persons are improperly joined as parties:

**By Defendants:** Defendants reserve the right to contend that Sid Patidar is improperly joined as a party.

(c) The names of the following parties are either inaccurately stated or necessary portions of their names are omitted:

**Response:** Not applicable.

(d) The parties shall have a continuing duty to inform the Court of any contentions regarding unnamed parties necessary to this action or any contentions regarding misjoinder of parties or errors in the statement of a party's name.

**6. Amendments to the Pleadings:**

Amended and supplemental pleadings must be filed in accordance with the time limitations and other provisions of Fed.R.Civ.P.15. Further instructions regarding amendments are contained in LR 15.

(a) List separately any amendments to the pleadings that the parties anticipate will be necessary:

**Response: None known at this time prior to completing discovery.**

(b) Amendments to the pleadings submitted LATER THAN THIRTY DAYS after the Joint Preliminary Report and Discovery Plan is filed, or should have been filed, will not be accepted for filing, unless otherwise permitted by law.

**7. Filing Times for Motions:**

All motions should be filed as soon as possible. The local rules set specific filing limits for some motions. These times are restated below.

All other motions must be filed WITHIN THIRTY DAYS after the beginning of discovery, unless the filing party has obtained prior permission of the court to file later. Local Rule 7.1A(2).

*(a) Motions to Compel*: before the close of discovery or within the extension period allowed in some instances. Local Rule 37.1.

*(b) Summary Judgment Motions:* within thirty days after the close of discovery, unless otherwise permitted by court order. Local Rule 56.1.

*(c) Other Limited Motions*: Refer to Local Rules 7.2A; 7.2B, and 7.2E, respectively, regarding filing limitations for motions pending on removal, emergency motions, and motions for reconsideration.

*(d) Motions Objecting to Expert Testimony:* Daubert motions with regard to expert testimony no later than the date that the proposed pretrial order is submitted. Refer to Local Rule 7.2F.

**8. Initial Disclosures:**

The parties are required to serve initial disclosures in accordance with Fed.R.Civ.P. 26. If any party objects that initial disclosures are not appropriate, state the party and basis for the party's objection. NOTE: Your initial disclosures should include electronically stored information. Refer to Fed.R.Civ.P. 26(a)(1)(B).

**Response: The parties agree to exchange initial disclosures on or before October 23, 2026.**

**9. Request for Scheduling Conference:**

Does any party request a scheduling conference with the Court? If so, please state the issues which could be addressed and the position of each party.

**Response: The Parties do not request a scheduling conference currently.**

**10. Discovery Period:**

The discovery period commences thirty days after the appearance of the first defendant by answer to the complaint. As stated in LR 26.2A, responses to initiated discovery must be completed before expiration of the assigned discovery period.

Cases in this Court are assigned to one of the following three discovery tracks: (a) zero-month discovery period, (b) four months discovery period, and (c) eight months discovery period. A chart showing the assignment of cases to a discovery track by filing category is contained in Appendix F. The track to which a particular case is assigned is also stamped on the complaint and service copies of the complaint at the time of filing.

Please state below the subjects on which discovery may be needed.

**Response:** The parties anticipate that discovery will be needed on the topics listed below by each party; however, the parties note that this list is not exhaustive and recognize that other topics will likely arise through the normal course of discovery:

Please state below the subjects on which discovery may be needed:

a. Identification and location of witnesses, including former employees at the hotel;

b. Defendants' alleged knowledge, if any, of the specific trafficking alleged by Plaintiff;

c. Defendants' knowledge, if any, of sex-trafficking, prostitution, or other crimes at the hotel;

d. Any and all interactions Plaintiff C.L. allegedly had with any of

Defendants' agents, representatives, employees, or other personnel at the hotel;

e. The subsequent criminal investigation and prosecution of Plaintiff's trafficker;

f. Defendants' policies, procedures, and practice at the subject hotel regarding employee hiring, firing, retention, management, and training during the relevant time period.

g. Defendants' policies, procedures, and practice at the subject hotel regarding security and crime detection and prevention during the relevant time period.

h. Defendants' policies, procedures, and practice at the subject hotel regarding customer relations and guest safety during the relevant time period.

i. Defendants' policies, procedures, and practice at the subject hotel regarding sex-trafficking awareness and prevention during the relevant time period.
j. Plaintiff's identity, age, and presence at the subject hotel;
k. Plaintiff's trafficker(s) and other third parties;
l. Plaintiff's relationships with sex traffickers, other alleged victims, and sexual encounters at the subject properties;
m. Plaintiff's damages and medical and mental health history and records;
n. Plaintiff's other locations of alleged trafficking, if any;
o. Criminal records and law enforcement files;
p. Plaintiff's social media and communications;
q. Plaintiff's prior claims and settlements with other defendants, if any.

If the parties anticipate that additional time beyond that allowed by the assigned discovery track will be needed to complete discovery or that discovery should be conducted in phases or be limited to or focused upon particular issues, please state those reasons in detail below:

**Response: The parties request a six (6) month discovery period.**

**11. Discovery Limitation and Discovery of Electronically Stored Information:**

(a) What changes should be made in the limitations on discovery imposed under the Federal Rules of Civil Procedure or Local Rules of this Court, and what other limitations should be imposed?

**Response:** Pursuant to Fed. R. Civ. P. 5(b)(2)(E), the parties consent to service by electronic means with respect to discovery requests and responses, in which event such service is complete upon transmission.

.

(b) Is any party seeking discovery of electronically stored information?

(X) Yes (_) No

If "yes,"

(1) The parties have discussed the sources and scope of the production of electronically stored information and have agreed to limit the scope of production (e.g., accessibility, search terms, date limitations, or key witnesses) as follows:

**Response:** The parties have agreed to work together regarding the production of electronically stored information.

(2) The parties have discussed the format for the production of electronically stored information (e.g., Tagged Image File Format (TIFF or .TIF files), Portable Document Format (PDF), or native), method of production (e.g., paper or disk), and the inclusion or exclusion and use of metadata, and have agreed as follows:

**Response:** The parties agree that where possible to produce electronically stored information in a searchable PDF format or original native form where said production will not compromise the readability of the document produced. To the extent that production of electronically stored information in searchable PDF format

will compromise the readability of the document produced, the parties will meet and confer to discuss alternative methods of production.

In the absence of agreement on issues regarding discovery of electronically stored information, the parties shall request a scheduling conference in paragraph 9 hereof.

**12. Other Orders:**

What other orders do the parties think that the Court should enter under Rule 26(c) or under Rule 16(b) and (c)?

**Response:** None.

**13. Privileged or Protected Material:**

Do the parties anticipate any issues about claims for privilege or of protection with respect to trial-preparation materials?

(_)Yes (X) No

If "yes,"

The parties have discussed their views and proposals on any such issues, including the timing and method for complying with Rule 26(b)(5)(A) and whether, if they agree on a procedure to assert the claims after production, to ask the Court to include their agreement in an order under Federal Rule of Evidence 502. The parties have agreed as follows:

**Response: The parties will discuss an appropriate protective order in the event discovery calls for the production of privileged or protected material.**

**14. Settlement Potential:**

(a) Lead counsel for the parties certify by their signatures below that they conducted a Rule 26(f) conference that was held on **October 1, 2026**, and that they participated in settlement discussions. Other persons who participated in the settlement discussions are listed according to party.

For plaintiff: Lead counsel (signature): */s/ Tyler Dillard*

Other participants: Not Applicable

For defendant: Lead counsel (signature): */s/ Sean Keenan*

Other participants: Not Applicable

(b) All parties were promptly informed of all offers of settlement and following discussion by all counsel, it appears that there is now:

(X) A possibility of settlement before discovery.
(X) A possibility of settlement after discovery.
(_) A possibility of settlement, but a conference with the judge is needed.
(_) No possibility of settlement.

(c) Counsel (X) do or (_) do not intend to hold additional settlement conferences among themselves prior to the close of discovery. The proposed date of the next settlement conference will be agreed to by counsel as their communication and conversations regarding settlement are ongoing.

(d) The following specific problems have created a hindrance to settlement of this case.

**Response:** Discovery has not yet commenced and the parties may need additional information regarding liability and damages.

**15. Trial by Magistrate Judge:**

Note: Trial before a Magistrate Judge will be by jury trial if a party is otherwise entitled to a jury trial.

(a) The parties (_) do consent to having this case tried before a magistrate judge of this Court. A completed Consent to Jurisdiction by a United States Magistrate Judge form has been submitted to the clerk of court this __ day of, ____ 20___.

The parties (X) do not consent to having this case tried before a magistrate judge of this Court.

Respectfully submitted this 12th day of October, 2026.

**Andersen, Tate & Carr, P.C.**

*/s/ Tyler Dillard*
Patrick J. McDonough
Georgia Bar No. 489855
Tyler Dillard
Georgia Bar No. 115229
Jonathan S. Tonge
Georgia Bar No. 303999
Jennifer M. Webster
Georgia Bar No. 760381
One Sugarloaf Centre
1960 Satellite Boulevard, Suite 4000
Duluth, Georgia 30097
Tel: (770) 822-0900
EM: pmcdonough@aclawfirm.com
EM: tdillard@atclawfirm.com
EM: jtonge@atclawfirm.com
EM: jwebster@atclawfirm.com

*Attorneys for Plaintiff*

**CRUSER, MITCHELL, NOVITZ, SANCHEZ, GASTON & ZIMET, LLP**

*/s/ Sean Keenan*
Sean Keenan
Georgia Bar No. 523871
Charles Jones
Georgia Bar No. 824019
***Attorneys for Defendants***
Meridian II, Ste. 2000
275 Scientific Drive
Peachtree Corners, GA 30092
skeenan@cmlawfirm.com
cjones@cmlawfirm.com

**SCHEDULING ORDER**

Upon review of the information contained in the Joint Preliminary Report and Discovery Plan completed and filed by the parties, the Court orders that the time limits for adding parties, amending the pleadings, filing motions, completing discovery, and discussing settlement are as set out in the Federal Rules of Civil Procedure and the Local Rules of this Court except as herein modified:

The close of discovery shall be April 12, 2027. The Consolidated Pre-Trial Order shall be filed on or before April 30, 2027, or within thirty (30) days after entry of the Court's ruling on any pending motions for summary judgment, whichever is later.

IT IS SO ORDERED, this ________ day of ________________, 2026.

____________________________________

UNITED STATES DISTRICT JUDGE